Belknap, }
April 3, 1906. }

PATTEE, *Adm'r*, v. BOYNTON & a.

Where a mortgage is conditioned upon the performance of a bond for support by the mortgagor, "her heirs, executors, and administrators," the death of the obligor during the lifetime of the obligee does not constitute a default, but the duty of providing the home devolves upon the mortgagor's administrator and is a charge upon the estate.

WRIT OF ENTRY. Trial by the court and verdict for the defendants. Transferred from the November term, 1905, of the superior court by *Peaslee*, J., upon the plaintiff's exception to the verdict.

In 1894, Emma A. W. McLeod executed a deed of trust of all her property, to be held for Nellie Boynton, payable to her at the rate of $120 a year and the balance upon the decease of the grantor, and Mrs. Boynton gave a bond to support Mrs. McLeod during the latter's life. The deed of trust provided that the trust fund might be used to buy a farm for Mrs. Boynton, if she would mortgage the same to secure performance of her bond. A farm was purchased and deeded to Mrs. Boynton, and she and her husband, who is one of the defendants, gave a mortgage to Mrs. McLeod conditioned on the performance by Mrs. Boynton, her heirs, executors, and administrators, of her bond for support. Mrs. Boynton died in 1897, and Mrs. McLeod continued to live with the surviving husband, under an arrangement with the administrator, for over two years. She then left without excuse or justification, unless, as matter of law, there was a breach of the

bond caused by the death of Mrs. Boynton.    Mrs. McLeod is dead, and the plaintiff is her administrator.

*James L. Wilson* and *Jewell, Owen & Veazey*, for the plaintiff.

*Shannon & Tilton*, for the defendants.

YOUNG, J.    The only question of law raised by the plaintiff's exception is whether the death of Mrs. Boynton in the lifetime of Mrs. McLeod constituted a breach of the condition of a mortgage which provided that if Mrs. Boynton, her heirs, executors, and administrators, should comply with the condition of a bond to support Mrs. McLeod for life, the conveyance should be void. The plaintiff contends that this agreement so far partakes of the nature of a contract made with reference to the continued existence of a particular person or thing ( *Clarksville Land Co.* v. *Harriman*, 68 N. H. 374; *Eliot Bank* v. *Beal*, 141 Mass. 566, 570 ; *Taylor* v. *Caldwell*, 3 B. & S. 826, 839) that the death of Mrs. Boynton terminated it.    It is clear, however, that his contention is not well founded.    If contracts of this kind are so far personal that the one who is to furnish the home cannot, when the contract is silent in respect to the matter, assign his interest in it to a stranger without the consent of the other party ( *Flanders* v. *Lamphear*, 9 N. H. 201 ; *Holmes* v. *Fisher*, 13 N. H. 9 ; *Eastman* v. *Batchelder*, 36 N. H. 141 ; *Bethlehem* v. *Annis*, 40 N. H. 34 ; *Gotham* v. *Gotham*, 55 N. H. 440 ; *Winch* v. *Bean*, 62 N. H. 427), still, when the contract provides for such a contingency it is both the right and duty of the administrator to perform it; for in such cases, upon the death of the contractor the duty of providing the home devolves upon his administrator and is a charge upon the estate.    *Holmes* v. *Fisher*, 13 N. H. 9, 12 ; *Eastman* v. *Batchelder*, 36 N. H. 141, 150 ; *Bethlehem* v. *Annis*, 40 N. H. 34, 42.    The death of Mrs. Boynton in the lifetime of Mrs. McLeod did not, therefore, constitute a default in the condition of the mortgage.

*Exception overruled.*

All concurred.